PEOPLE ex rel. NATHAN B. WARREN and Others, Respondents, *v.* EDWARD CARTER and Others, Assessors of the City of Troy and Another, Appellants.

*Proceedings to review illegal and unequal assessments under chapter 269 of 1880 — costs on appeal are to be given or withheld, in the discretion of the court, under section 3239 of the Code of Civil Procedure.*

Where an appeal is taken from an order, judgment or determination, made in proceedings instituted under chapter 269 of 1880, for the review and correction of illegal, erroneous or unequal assessments, costs are to be given or withheld, in the discretion of the court, under section 3239 of the Code of Civil Procedure. *The People ex rel. Adon Smith, Jr., as Committee, etc.,* v. *The Commissioners of Taxes and Assessments of the City of New York* (101 N. Y., 651) followed.

APPEAL by the relators from an order entered in Rensselaer county, on the 16th day of September, 1887, vacating the taxation of costs had before the county clerk of Rensselaer county, and directing him to tax the costs of an appeal from a final determination in the above entitled matter at ten dollars and disbursements.

The relators by a writ of *certiorari* under chapter 269 of the Laws of 1880, caused to be reviewed at a Special Term of the Supreme Court, certain assessments made against the relators' property. The Special Term reduced such assessments and directed a certain sum of money to be paid back to the relators by the city of Troy. From this determination an appeal was taken to the General Term. The determination of the court below was there affirmed. Upon the order of affirmance the relators entered a judgment of affirmance, and their costs were taxed at seventy-nine dollars and seventy-two cents.

*G. B. Wellington,* for the appellants.

*R. A. Parmenter,* for the respondents.

PARKER, J.:

The appellants, as relators, instituted a proceeding pursuant to chapter 269 of the Laws of 1880, to review an assessment, on property owned by them, as made by the assessors of the city of Troy, which resulted in a determination by the court in their favor. The determination thus made was, on appeal to this court, affirmed with costs, in favor of the relators against the assessors.

The question now presented is, were the relators entitled to tax costs of the appeal as from a judgment or as from an order? It has been the practice of attorneys quite generally to regard proceedings, taken under the act herein referred to, as special proceedings, and therefore to tax full costs under section 3240 of the Code of Civil Procedure. Special Term decisions have also been rendered to the same effect. The question, however, is no longer an open one, as the Court of appeals have settled the practice by determining that costs are to be given or withheld under section 3239 of the Code of Civil Procedure. (*People ex rel. Adon Smith, Jr., etc.,* v. *Commissioners of Taxes, etc.,* 101 N. Y., 651.)

Decisions of Special Term, directing that the costs be taxed at ten dollars, with disbursements added, affirmed, with ten dollars costs and printing disbursements.

LANDON and FISH, JJ., concurred.

Order as to costs affirmed, with ten dollars costs and printing disbursements.